**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:15CV-P101-GNS**

**NATHAN LEE HENSON**                                                                            **PLAINTIFF**

v.

**MARK BLANKENSHIP** *et al.*                                                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Nathan Lee Henson filed this *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the action pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

On the same day that Plaintiff filed his original complaint, he filed a document which he captioned as a "Notice of Intent Habeas Corpus" (DN 2). Because the filing alleges additional facts, the Court construes the filing as a motion to amend the complaint and **GRANTS** the motion (DN 2). *See* Fed. R. Civ. P. 15(a)(1)(A). Plaintiff also filed an amended complaint (DN 5). The Court will review the complaint and both amendments in conducting initial screening pursuant to § 1915A. For the reasons that follow, the instant action will be dismissed.

**I.**

Plaintiff states that he is a convicted inmate at the Calloway County Jail. He sues Mark Blankenship, the Commonwealth's Attorney for Calloway and Marshall Counties; James Burking, his public defender; and Matt Hilbrecht, a detective with the Marshall County Sherriff's Office. He sues each Defendant in his individual and official capacity.

Plaintiff states that Defendants violated his constitutional rights by obtaining a defective search warrant against him. He states that the affidavit used to obtain the search warrant was

based on hearsay. He states, "Clearly your honors will see upon Review that the Search Warrant was and is invalid on face which clearly violates Mr. Hensons Sixth and Thirteenth United States Constitution Amendment Right to Due Process of Law." He states that Defendant Hilbrecht also violated his Fourth Amendment right against unlawful search and seizure. Plaintiff further maintains that Defendant Blankenship allowed evidence to be used against him that Blankenship knew or should have known was obtained illegally. Plaintiff alleges that Defendant Burking violated his constitutional rights in acting as his public defender by allowing the "search warrant to stand, unchallenged even though it was obtained by heresay statements of a third party." He states that Defendant Burking further violated his rights when he "advised Mr. Henson to enter a plea of guilty although he knew or should have known that evidence was obtained illegally and a motion to suppress and dismiss should have been filed."

Plaintiff also states that on April 13, 2015, he "entered several pleas of guilty." He states that he was never arraigned, that he received no preliminary hearing, and that there was no case number for the case in which he pleaded guilty.

As relief, Plaintiff seeks compensatory and punitive damages and costs, and he requests his state-court charges be dismissed.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. When determining whether a plaintiff has stated a claim upon which relief can be granted, the

court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.

Plaintiff states that he pleaded guilty to the state-court charges and states that he is a convicted inmate.  His claims are, therefore, barred under *Heck v. Humphrey*, 512 U.S. 477, 484 (1994), wherein the Supreme Court recognized that a plaintiff may not mount a constitutional challenge to his conviction or sentence if a ruling on his claim would necessarily render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  Moreover, "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit

(state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Plaintiff has not alleged that his conviction has been overturned or otherwise invalidated. In fact, the complaint and amendments make clear that he pleaded guilty to the charges and is currently incarcerated under the conviction he is challenging. Therefore, Plaintiff's § 1983 action must be dismissed for failure to state a claim.

Furthermore, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Barnes v. Lewis*, No. 93-5698, 1993 U.S. App. LEXIS 32652, at *3 (6th Cir. Dec. 10, 1993) (concluding that dismissal is appropriate where § 1983 action seeks equitable relief and challenges the fact or duration of confinement). Because Plaintiff cannot seek release through this § 1983 action, his claims for habeas corpus relief will be dismissed for failure to state a claim upon which relief may be granted. If Plaintiff believes that his guilty plea and conviction were unconstitutional, he must pursue his claims through the state trial and appellate courts. A federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b); *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court.").

## IV.

The Court will enter an Order dismissing the action consistent with this Memorandum Opinion.

Date: May 19, 2015

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
4416.010